### Jim Haney v. The State.

#### No. 78.  Decided October 27, 1909.

1.—Local Option—Evidence—Unconnected Incident.

Upon trial for a violation of the local option law, it was error to admit testimony with reference to a fight between defendant and the prosecuting witness long after the alleged sale of the whisky had been made. This in no way tended to prove that the defendant sold the whisky to the prosecutor.

2.—Same—Evidence—Former Conviction—Withdrawal of Illegal Testimony.

Upon trial of a violation of the local option law it was reversible error to have admitted testimony of defendant's previous conviction in other cases of illegally selling liquor in violation of the local option law, over the objection of the defendant; and the withdrawal from the jury of such testimony after the argument of the counsel was closed did not cure the error of the court in admitting such testimony.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for violating

the local option law.  The State proved by a witness named Paul that appellant sold him some whisky.  Appellant testified that he did not sell him any whisky but sent his brother-in-law, Smith, a bottle of whisky by the witness Paul.  Appellant kept a livery and feed stable; his brother-in-law, Smith, kept a hotel, and the reason he sent whisky to his brother-in-law, he states, was that his brother-in-law had been kind to him, threw a good deal of trade to his livery stable and was in a sickly condition and needed the whisky.  This was practically the testimony.  On the morning before the trial that day appellant was coming to the county seat for the purpose of attending the trial, bringing his wife and children with him in a surrey. A man named Moody and the alleged purchaser, Paul, who was in a buggy with him overtook appellant, who was walking along side of his surrey in company with one or more of his children, the remainder of his family being in the surrey, when appellant halted them and pulled Paul out of the buggy and had a fight with him.  This evidence was introduced by the State over appellant's protest and objection. We are of opinion this was error.  It in no way tended to prove appellant had sold the whisky to Paul.  It might indicate his outraged feelings that Paul was testifying against him under what he believed was false testimony, but it was a different transaction and different offense, which, as we understand, did not throw any light on this transaction either as to motive, identity, nor was it a part of the res gestae.  The sale of whisky, if it occurred, had long passed; appellant had been arrested previously and was enroute to the court to stand his trial.  We think this testimony was inadmissible and in view of other matter set up in other bills of exception, tended to bring about a higher punishment than the minimum, the fine in this case being $50 and thirty days imprisonment.

One of the bills recites the fact that there had been previous convictions in other cases against appellant and that appellant had been placed in jail and suffered the punishment.  It is also shown in the bills that on account of the fight excitement was rather high about the town and court house and these matters tended to injure appellant and bring about a higher punishment.

A bill of exceptions recites that appellant himself was required to testify that he had previously been convicted for violation of the local option law.  This went to the jury over the protest of appellant. It is made to appear by the bill of exception after argument was over and after the charge had been given by the court, the State requested a charge withdrawing this evidence from the consideration of the jury.  This charge, the court gave and instructed the jury not to consider it as evidence against the defendant.  This evidence was clearly inadmissible and erroneous.  Why it was introduced is not explained by the court, nor is any reason given.  After the State had got the full benefit of the testimony and the argument, the State sought

to withdraw the evil effect of it by the special charge. We do not believe this character of practice should be condoned. It has been found a matter of difficulty to always know, when illegitimate testimony has been introduced and withdrawn, whether the ill effects of the testimony could be also withdrawn from the jury, but this matter, it occurs to us, bears evidence of deliberate purpose in getting it before the jury and its effect upon them, and then in a special charge to avoid the error. This it is insisted contributed to the higher punishment of appellant especially viewed in the light of the testimony previously discussed. This character of testimony was evidently damaging and seriously so. It placed the appellant in a very bad light before the jury to have it shown to them that he was a common violator of the law, and especially so in this case, where the difficulty occurring between the witness and appellant on the road enroute to the county seat shortly before and on the morning of the trial was shown. We are of opinion, therefore, that the error in regard to introducing this testimony was not cured by the State's requested instruction withdrawing it. Appellant had done all he could to avoid it and asked for a fair trial. Under the circumstances we believe the error was of sufficient importance to require a reversal of the judgment.

The judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*