Harry Wilson v. The State.

No. 4453.   Decided April 25, 1917.

**1.—Carrying Pistol—Argument of Counsel.**

Where State's counsel in his argument stated a fact which was not in evidence, and which would not have been admissible as evidence upon the trial of the case, the same was reversible error.   Following Morgan v. State, 62 Texas Crim. Rep., 120, and other cases.

**2.—Same—Rule Stated—Argument of Counsel.**

Prosecuting attorneys are unwarranted in stating from their own knowledge facts not proved before the jury, particularly when the fact was a damaging one, which could not have been admitted in evidence.   Following Marshall v. State, 76 Texas Crim. Rep., 386, and other cases.

**3.—Same—Rule Stated—Waiver—Requested Charge.**

The error in making such statements by prosecuting attorneys where they would be inadmissible in evidence and are damaging, is not waived by failure to request a special charge.   Following Grimes v. State, 64 Texas Crim. Rep., 64, and other cases.

**4.—Same—Rule Stated—Withdrawal—Other Offenses.**

The error committed in the proof of other offenses when not admissible is not cured by its withdrawal; however, there was no withdrawal in the instant case.   Following Collins v. State, 75 Texas Crim. Rep., 534, and other cases.

Appeal from the County Court of Bosque.   Tried below before the Hon. W. A. York.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

*Word & Word,* for appellant

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Charged by information with the offense of unlawfully carrying a pistol on and about his person, judgment on the jury verdict assessing appellant's punishment at a fine of $100 and sixty days confinement in the county jail, is the basis of this appeal.

The county attorney in his closing argument to the jury used the following language, as shown by the bill of exceptions:  "I am going to take the liberty to testify further that this very negro is now charged with assault with intent to murder in the District Court of this county." This fact was not in evidence and would not have been admissible in evidence upon the trial of the case.   Morgan v. State, 62 Texas Crim. Rep., 120; Haney v. State, 57 Texas Crim. Rep., 158; Schwen v. State, 37 Texas Crim. Rep., 368; Branch's Ann. P. C., p. 99, and cases cited. In Branch's Ann. P. C., page 205, section 363, are cited a number of cases to the effect that the prosecuting attorney is unwarranted in stating from his own knowledge facts not proven before the jury, particularly when the fact was a damaging one which would not have been

admissible in evidence.  Marshall v. State, 76 Texas Crim. Rep., 386, 175 S. W. Rep., 154; Turner v. State, 39 Texas Crim. Rep., 322, and other cases there cited.  The error in making such statements where the statement would be inadmissible in evidence and is damaging is not waived by failure to request a special charge.  Grimes v. State, 64 Texas Crim. Rep., 64; Smith v. State, 55 Texas Crim. Rep., 563; Davis v. State, 54 Texas Crim. Rep., 236, and other cases cited in Branch's Ann. P. C., p. 204.  In the same volume, page 214, section 303, it is said that the error committed in the proof of other offenses when .not admissible is not cured by its withdrawal.  However, there was no withdrawal in this instance.  Collins v. State, 75 Texas Crim. Rep., 534, 171 S. W. Rep., 729; Haney v. State, 57 Texas Crim. Rep., 158; Henard v. State, 46 Texas Crim. Rep., 90; Welhousen v. State, 30 Texas Crim. App., 623.

Appellant's other assignments of error are not well taken.

For the error pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*