## E. L. Young v. The State

No. 7793. Decided December 19, 1923.

**1.—Simple Assault—Evidence—Moral Turpitude.**

Where, upon trial of simple assault, on cross examination and over objection by defendant, the State developed the fact from defendant that he had theretofore, while an officer, been convicted for aggravated assault, and also for simple assault, the same is reversible error. Following Garrison v. State, 252 S. W. Rep., 511.

**2.—Same—Moral Turpitude—Rule Stated.**

It has always been held by this court that a defendant or any other witness cannot legally be impeached by proof that he had been arrested, charged with or convicted of a misdemeanor that does not impute moral turpitude.

Appeal from the County Court of Travis. Tried below before the Honorable G. S. Matthews.

Appeal from a conviction of simple assault; penalty, a fine of $25.

The opinion states the case.

*Barlow & Barlow,* for appellant. Cited Pollock v. State, 101 S. W. Rep., 231; Garrison v. State, 252 id., 511; Burton v. State, 247 id., 869; Vana v. State, 246 id., 1034; Johnson v. State, 241 id., 484; Sine v. State, 215 id., 965; Kirksey v. State, 135 id., 124.

*Grover C. Morris,* Assistant Attorney General, confessed error for the State. Cited Buck v. State, 47 Texas Crim. Rep., 319; Lee v. State, 45 id., 51.

HAWKINS, JUDGE.—Conviction is for simple assault with punishment assessed at a fine of twenty-five dollars.

Appellant was indicted for aggravated assault upon one David Johnson Crawford, alleged to have been committed on the night of October 30th, 1922, same being Halloween night. Appellant at the time was a peace officer of the city of Austin. The evidence shows that prosecuting witness (Crawford) in company with a number

of his friends had agreed to soap the street car tracks in the city of Austin as a Halloween prank; that they had soaped the track on one street and were preparing to do so at another point when appellant and other officers approached. Prosecuting witness was carrying the soap in a bucket, and desiring it not to fall into the hands of the officers he ran; failing to stop when called upon to do so by appellant the later fired, striking Crawford in the leg and causing a flesh wound. Evidence was introduced showing that soaping the street car tracks was an obstruction to traffic and a danger to life and property. Appellant testified that at the time he fired he did not intend to hit prosecuting witness but intended only to shoot close enough to frighten him and cause him to stop. On cross examination and over objection the State developed the fact from appellant that he had theretofore while an officer been convicted for aggravated assault and also for a simple assault.

It has always been held by this court that a defendant or any other witness can not legally be impeached by proof that he had been arrested, charged with or convicted of a misdemeanor that does not impute moral turpitude. Many authorities will be found collated under Section 169, page 102, Branch's Ann. Pen. Code. The latest expression of this court upon the subject in reported cases will be found in Garrison v. State, 94 Texas Crim. Rep.541, 252 S. W. Rep., 511. The court did not limit the testimony complained of to impeachment purposes and it is indicated from the record that it was offered and permitted in evidence for all purposes. It is plain the evidence objected to had no place in the record in determining the guilt of appellant in the particular investigation then before the jury. It placed appellant in a bad light and was calculated to induce the jury to believe that he he had been convicted upon other cases of assault he was also probably guilty in the one then upon trial. Haynie v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Stewart v. State, 38 S. W. Rep., 1144. The misdemeanor offenses of which appellant was shown to have been previously convicted were not of that character which involved moral turpitude and the evidence complained of was improperly received for any purpose.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*