JAMES R. PENDELL V. STATE.

No. 25,921.  October 8, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) January 7, 1953.

*E. T. Miller, Simpson, Clayton & Fullingim,* all acting by *E. A. Simpson*—of Counsel, Amarillo, for appellant.

*H. C. Pipkin,* District Attorney, Amarillo, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the offense of indecent exposure as defined in Art. 535c, Vernon's Ann. P.C.; the punishment, four years in the penitentiary.

According to the state's testimony, appellant, during the noon hour on April 4, 1951, was driving a Ford car, blue in color, bearing license number BH-8584, in the vicinity of the Sam Houston Junior High School in Amarillo.

About 12:30 o'clock P.M., Misses Lynch, Campbell and Baker, three young girl students of the school, while on their way to the Walsh Food Store, stopped at the corner of Belleview and Line, where they saw appellant drive up, stop and then drive on.

Elizabeth Lynch and Anna Lee Campbell testified that they observed that appellant did not have any trousers on, and that he had his hands on his private parts which were exposed. The third girl positively identified appellant as the driver of the car and testified to statements made by her companions concerning his exposure, but said that she, herself, did not get near enough to see into the car.

A police officer testified that in the course of his investigation he asked appellant if he did it, and appellant replied, "Well, there is no use lying, I did it."

As against this testimony appellant denied his guilt and

denied that he confessed to the officer. By his own testimony, as well as that of many other witnesses, he offered strong evidence in the nature of an alibi. Relatives, business associates and a customer testified to the effect that appellant was at his used car lot in a different part of Amarillo and that the car which he owned, answering the general description of the car in question, was not being driven by appellant at the time of the alleged offense.

The fact issues thus drawn were fairly submitted to the jury in the court's charge to which there appear to have been no objections offered.

We are not authorized to disturb the findings of the jury on the disputed facts, the state's evidence, if accepted by the jury, being sufficient to sustain the conviction.

Appellant, through able counsel, presents his claim of reversible error under ten propositions of law which will be disposed of in the order presented in appellant's brief.

The first proposition assigns fundamental error in the charge of the court.

The indictment alleged that appellant unlawfully and with lascivious intent knowingly and intentionally exposed his private parts, to-wit, his genital organs, to Elizabeth Lynch, a female under 16 years of age. Fundamental error is claimed in the court's charge wherein the jury was told that the defendant could be convicted if he exposed his private parts or genital organs to the child named. Our attention is directed to cases from other jurisdictions holding that the term "private parts" meant and included sex organs of reproduction and their immediate vicinity as well. See Nash v. State, 83 N. H. 536, and Clark v. People, 79 N. E. 941. We are not impressed with the nice distinction pointed out by learned counsel for appellant between the terms "private parts" and "genital organs" as applied to the offense here charged. Either or both descriptive averments, as used in the statute (Art. 535c, Vernon's Ann. P.C.), refer to and denote the genitals or the external genital procreative organs. Neither the term "private parts" nor "genital organs" should here be given the strict technical meaning referred to in the cases cited.

Appellant's second proposition sets forth that the state moved for a mistrial, alleging that a juror was disqualified by reason

of having been convicted of a felony. No proof was offered in support of the motion, and it was overruled. It appears that counsel who prepared the appeal was not aware of the fact that the state's motion was abandoned because it was learned that the juror had received an unconditional pardon.

The remaining propositions relate to informal bills of exception to the admission of evidence as indexed and shown in the Q. & A. Statement of Facts.

Proposition 3 relates to Bill of Exception No. 1 (S.F. pp. 35,36). Nancy Baker, the first witness, testified to having seen appellant driving a certain Ford car on April 4th. She did not testify as to any unlawful or improper act by appellant. She was cross-examined at length in regard to her identification of appellant as the driver of the car in question and about the occasion of her seeing him in a line-up at the police station some two weeks after April 4th. She was particularly asked if she had not said that the reason why she identified him was because he moved or twitched in the line. On redirect examination the witness was asked, "Bearing in mind that some time has elapsed, I will ask you whether or not you communicated what you have been testifying to, to anyone at or about the time this thing happened." An objection was offered, followed by inquiries by the court and explanations by the district attorney. The witness was then asked, "Do you remember being asked by Mr. Miller how many times you talked to those Police Officers?" To which the witness answered, "Yes, sir." She was then asked, "Did you talk to them shortly after this happened?" The court then overruled the objection and exception was reserved. It does not appear, however, that the question was answered or that the witness testified over objection that she communicated to or told anyone about the thing she testified she saw on the occasion. Reversible error is not shown by this bill.

Proposition 4 (Bill of Exception No. 2, S.F. p. 42) complains that later. in her testimony the witness, Nancy Baker, was permitted over objection to testify that Elizabeth Lynch and Anna Lee Campbell, her two girl companions, and herself, right at the time appellant drove up in front of them, had the following to say: "Anna Lee said, 'Look at that man,' and Elizabeth said, 'Yes, did you see that?' and I says, 'No, I didn't see it' and Anna Lee said, 'Well, he didn't have any pants on from his waist down.'" The objection was, "We object to anything said there." To which the district attorney replied, "That is res gestae and

part of the transaction occurring on the spot and at the moment." The trial judge thereupon overruled the objection upon the basis of it being admissible as a part of the transaction and under the res gestae rule. No error is shown by this bill.

As Proposition 5, appellant has briefed as ground for reversal what is referred to as a bill of exception indexed as Bill No. 3, shown at page 51 of the statement of facts. We find an objection to the question of the district attorney to have been sustained and the record shows no exception reserved. No error is shown by this so-called bill.

Proposition 6 (Bill of Exception No. 4, S.F. p. 69) relates to the following: On redirect examination, the witness, Anna Lee Campbell identified a certain statement as that which she had told appellant's counsel about and had read the day before. She was then asked, "When did you make this statement under oath?" Appellant then objected "to any further examination on that" and the court ruled that the district attorney had "the right to ask whether she made the statement." Appellant's counsel excepted to this ruling. The witness then testified that May 1, 1951, was the date of the statement, and there appears to have been "no further examination on the matter." We find no error in the admission of this testimony.

As Proposition 7, a bill of exception is indexed as appearing on pages 103 and 104 of the statement of facts. In his brief appellant complains that the witness, Elizabeth Lynch, was permitted to testify that she had told one, Mrs. Dewlin, that she remembered the number of the car which appellant was riding in at the time of the offense. We find on page 104 that the witness was asked, "At any time that date did you communicate that license number to anybody, anywhere?" To which she answered without objection, "I think I told Mrs. Dewlin." No error is shown by this so-called bill.

Proposition 8 (Bill of Exception No. 9, S.F. p. 143) complains of the testimony of Clifford Roberts, a police officer, to the effect that appellant while at the police station, when asked by the officer whether he did the act or not, answered, "Well, there is no use in lying, I did it." The objection was upon the ground that appellant was under arrest at the time of the purported statement or confession. The trial court heard testimony in the absence of the jury and overruled the objection. Officer Roberts testified that appellant was not a suspect himself and

was not requested or ordered to come to the police station; that he came to inquire as to the details regarding the car which had been identified as that driven by the man who had committed the offense; that the officers were then under the impression that one of appellant's salesmen was the guilty party, and it was not until appellant made the statement in the nature of a confession that he was arrested or in any way restrained. Upon such testimony the trial court did not err in admitting the testimony as to the statement or confession.

Thereafter an issue was made as to the truth of the officer's testimony, appellant testifying that he took the number of the Ford car which the officers had been seeking to the police station and as he started to leave, Roberts told him that he was under arrest. He denied that he made the confession.

The trial court in his charge submitted to the jury the question of whether or not appellant was under arrest or in custody at the time of the purported statement and instructed that the same be disregarded if appellant was under arrest.

The form of the charge is attacked by appellant in his brief, but in the absence of an objection and exception properly and timely reserved, there is nothing presented in this regard for our consideration.

As Proposition 9 appellant in his brief submits as his Bill of Exception No. 11 (S.F. pp. 336, 375 and 408) his complaint regarding the admission of the testimony of the state's witness, Eliabeth Lynch, to the effect that some three weeks before the offense for which appellant was on trial she saw him committing an identical act of indecency. No objection appears to have been offered to this testimony. After the witness had left the stand appellant moved to withdraw such testimony as to the previous misconduct. The trial court granted this motion and withdrew the complained of testimony and instructed the jury to disregard it, and appellant reserved his exception notwithstanding the court's ruling here or in the court's charge.

We confess our inability to find the error in the court's ruling which appellant contends should cause a reversal. The testimony was offered and admitted without objection, so we are unable to say that the trial court committed reversible error in regard to its admission, and at the request of appellant the court orally and in writing withdrew the testimony from the jury.

Appellant cites authorities by this court holding that error in the admission of inadmissible and prejudicial testimony may not in many instances be cured by its later withdrawal. See Cascio v. State, 146 Tex. Cr. R. 49, 171 S.W. (2d) 356; Haney v. State, 57 Tex. Cr. R. 158, 122 S.W. 34; Wilson v. State, 81 Tex. Cr. R. 216, 194 S.W. 828; Wade v. State, 82 Tex. Cr. R. 372, 227 S.W. 489. But we are aware of no authority which would support the view that in the absence of an objection timely made a reversal should result because of the introduction of testimony which was timely withdrawn upon the request of the defendant.

Proposition 10 (Bill of Exception No. 12, S.F. p. 349) relates to the following: The witness, Eliabeth Lynch was asked by the district attorney whether she had signed any kind of written memorandum of the report she had made to the officers and she answered, "Not that I know of, I didn't." The district attorney then handed the witness a paper and asked her, "See if this serves to refresh your memory?" Appellant complains of the overruling of his objection and request to have the jury instructed not to consider the handing of such paper to the witness for any purpose. The paper or writing referred to was not exhibited to the jury and its contents are not revealed by the record before us. It was exhibited to the witness, to appellant's counsel, and to the trial judge, but was not offered in evidence. The trial judge overruled the objection and motion regarding the exhibiting of the paper but declined to permit the district attorney to proceed further when he asked the witness if her memory had been refreshed. It appears from appellant's objection last made that the writing referred to the previous act of misconduct of appellant. If so, the testimony is included in that which was thereafter withdrawn. We are unable to agree that reversible error is shown in exhibiting the instrument to the witness.

Other bills, all of which are informal and are not briefed, have been considered and we find no error which would authorize a reversal.

The judgment is affirmed.

Opinion approved by the Court.