

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 17, 1966

Honorable John R. Foster
County Attorney
Val Verde County
Del Rio, Texas

Opinion No. C-617

Re: Whether the facts sub-
mitted are sufficient to
support a complaint for
indecent exposure of the
person under either Ar-
ticle 474, Article 526,
Article 535c or other
Article of the Penal
Code.

Dear Mr. Foster:

You have requested our opinion relative to the cap-
tioned matter. In connection therewith you have submitted
the following facts:

"Day before yesterday, three young boys
here in Val Verde County over seventeen years
of age, were reported to the Sheriff's office
for a rather unusual exhibition. Two Airmen
from Laughlin Air Force Base, with their dates,
were driving from Del Rio to the International
Bridge to go to Mexico. Earlier in the even-
ing, they had noticed a car with three boys
sort of following them around. On the way to
Mexico, the car passed them and one boy in the
back seat had his pants down and was exposing
his rear end to the passengers in the car being
passed. Naturally, the incident was upsetting
to the Airmen's dates and I am sure ruined the
evening for the Airmen. The Airmen would like
to file a complaint against the boys. In try-
ing to determine what to file, I have had a
chance to read the Articles of the Penal Code
mentioned in the enclosure."

In the brief submitted with your request, you point
out, quite correctly we think, that there are only three
Articles of the Penal Code which could possibly have any
application to the facts before us. These are Articles 474,
Vernon's Penal Code, "Disturbing the peace"; 535c, Vernon's
Penal Code, "Indecent exposure to a child"; and 526, Ver-
non's Penal Code, "Indecent publications and exposure."

-2994-

The court in Pendell v. State, 253 S.W.2d 426 (Tex. Crim. 1952), held that both of the descriptive averments, "private parts or genital organs", as used in Article 535c, refer to and denote the genitals or the external genital procreative organs. It is therefore our opinion that Article 535c would not apply to the facts submitted unless in exposing his buttocks, all or a portion of his genital organs were also exposed, and the exposure was made to a person under the age of 16 years.

Inasmuch as the Texas courts have not construed the language, "expose his or her person", as used in Article 474, and since it is our opinion that under the facts submitted, there has been a violation of Article 526, it is not necessary that we express our opinion on the applicability of said Article 474.

The Court of Appeals of Texas in the case of Tucker v. State, 13 S.W. 1004 (1890), in construing Article 343 of the Penal Code (now codified as Article 526) stated:

"By the terms 'obscene and indecent exhibition of the person,' as used in article 343 of the Penal Code, is meant, we think, an exposure of those parts of the person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight."

It is to be noted that in the Tucker case, the Court defines the obscene and indecent exhibition of the person as the exposure of those parts of a person which are commonly considered as private, and which custom and decency require should be covered and kept concealed from public sight. A person's buttocks unquestionably falls within this definition, and it is our opinion, therefore, that under the facts as stated, there has been a violation of Article 526.

## S U M M A R Y

Exposure of a person's buttocks to another person, under the facts stated,

is a violation of Article 526, Vernon's
Penal Code.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

ROBERT E. OWEN
Assistant Attorney General

REO/pw:dt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Grady Chandler
Alan Minter
Lonny F. Zwiener
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. Wright