STATE OF NORTH CAROLINA v. KATHY CAROL JONES

No. 6910SC546

(Filed 14 January 1970)

Obscenity—— indecent exposure —— female breasts
        The exposure by a female of her breasts to the public view in a public place is not an offense under the statute prohibiting the indecent exposure of a person's private parts, G.S. 14-190, the female breasts not being private parts within the meaning of the statute.

APPEAL by the State from *Cowper, J.,* 21 July 1969 Special Session, Superior Court of WAKE County.

Defendant was charged with having, on or about the 12th day of February, 1969, unlawfully, wilfully, indecently and scandalously exposed to the public view the private parts of her person in a public place or highway, to wit: 3100 Hillsborough Street (The Keg). She appealed from her conviction in the District Court. In the Superior Court she moved to quash the warrant, which motion was denied. She then moved for a bill of particulars. In lieu of granting this motion, the court allowed the State's motion that it be permitted to amend the warrant to allege with particularity the parts of defendant's body which were exposed. The warrant was amended, without objection, to read that "on or about the 12 day of Feb., 1969, the defendant named above did unlawfully, wilfully, indecently and scandalously expose to the public view the private parts of her person to wit: her breasts, in a public place or highway, to wit: 3100 Hillsborough St. (The Keg)." The defendant moved to quash the warrant as amended. The motion was allowed and the State excepted and appealed.

*Attorney General Robert Morgan by Staff Attorney (Mrs.) Christine Y. Denson for the State — appellant.*

*Boyce, Burns and Smith, by Eugene Boyce, for defendant — appellee.*

MORRIS, J.

The warrant in this case is in the language of G.S. 14-190, the pertinent portion of which at the time of the offense provided: "Any person who shall willfully make any indecent public exposure of the private parts of his or her person in any public place or highway shall be guilty of a misdemeanor." By amendment the State defined "private parts" as including the female breasts. If the adult female breasts come within the meaning of "private parts" in reference to the anatomy of an adult female, it may be that the amended warrant is sufficient. The term "private parts" appears to be generally acceptable legal parlance in referring to male or female genitalia. In Webster's Third New International Dictionary (Unabridged) (1968), the term is defined as "the external genital and excretory organs — usu. used in pl.; called also private parts, privy parts." "Genitalia" is defined as "the organs of the reproductive system; especially: the external genital organs." Webster's Third New International Dictionary, supra. Schmidt's Attorney's Dictionary of Medicine defines

"reproductive system" as "[T]he organs and structures concerned with the begetting or bearing of offspring. . . . In the female, the system consists of the vagina, uterus, uterine tubes, and ovaries." In 2 Attorney's Textbook of Medicine, 3d Ed., paragraph 39.02 it is said "[I]n the female all organs and structures concerned with the function of reproduction lie within the body, deep in the lower part of the abdominal cavity or pelvis."

We find no case in North Carolina wherein this precise question has been raised nor do we find in the reported cases any definition or necessity for definition of the term private parts. We do find helpful discussions in reported cases from other jurisdictions.

In *Clark v. The People*, 224 Ill. 554, 79 N.E. 941 (1906), defendants were convicted of murder. The death of which defendants were accused resulted from an attempted abortion. Some of the counts of the indictment charged that the instrument used had been thrust into the "body and womb" of the deceased and other counts into the "private parts and womb". On appeal, defendants contended that there was fatal variance, in that the proof showed the instrument was not thrust into the womb, but into the bladder. As to this feature of the appeal, the Court said:

> "The testimony in the case shows that the womb in a normal female lies above and back of the bladder and is connected with the bladder for about an inch just above the neck of the womb. The urethra is a duct leading out of the bladder, to empty it. The vagina is a canal leading to the womb, and is back of the urethra. It is about an inch from the outer edge of the private parts to the opening of the urethra and about the same distance to the opening of the vagina. The urethra starts from the vagina and leads to the bladder. The same lips are around the vagina and urethra. From the outer edge of the private parts to the neck of the womb is from three to four inches. From the outer edge of the private parts to where the bladder begins is about two inches."

In *State v. Moore*, 194 Ore. 232, 241 P. 2d 455 (1952), defendant was charged with contributing to the delinquency of a minor. The specific act complained of was that he did "fondle and manipulate the private parts and attempt to have sexual intercourse with" the minor. The only evidence to support the charge was that of the minor that "he kissed me and hugged me, and then he played with my breasts". In reversing the conviction of defendant, the Court said: "It is hornbook law that, whenever and wherever the terms 'privates' or 'private parts' are used as descriptive of a part of the

human body, they refer to the genital organs. Every dictionary so defines them. . . . A woman's breasts do not come within the designation 'private parts'. Obviously they are no part of her 'genital organs'." This statement was quoted with approval in *State v. Dennison,* 72 Wash. 2d 842, 435 P. 2d 526 (1967). See also *State v. Nash,* 83 N.H. 536, 145 A. 262 (1929), and *Pendell v. State,* 158 Tex. Crim. 119, 253 S.W. 2d 426 (1952).

We conclude that the act alleged in the amended warrant in this case does not constitute a criminal offense under the above-quoted portion of G.S. 14-190.

The State contends, however, that the act complained of falls within the ambit of the statute and the intent of the legislature. In *State v. Hill,* 272 N.C. 439, 158 S.E. 2d 329 (1968), Justice Lake, speaking for the Court, after stating the elementary rule that a criminal statute must be strictly construed, said:

> " 'The forbidden act must come clearly within the prohibition of the statute, for the scope of a penal statute will not ordinarily be enlarged by construction to take in offenses not clearly described; and any doubt on this point will be resolved in favor of the defendant.' (citing *State v. Heath,* 199 N.C. 135, 153 S.E. 855, 87 A.L.R. 37.) In *State v. Whitehurst,* 212 N.C. 300, 193 S.E. 657, 113 A.L.R. 740, Stacy, C.J., speaking for the Court said: 'By the rule of strict construction, however, is not meant that the statute shall be stintingly or even narrowly construed (*S. v. Earnhardt,* 170 N.C. 725, 86 S.E. 960), but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used. *U. S. v. Wiltberger,* 5 Wheat. 76. Criminal statutes are not to be extended by implication or equitable construction to include those not within their terms, for the very obvious reason that the power of punishment is vested in the legislative and not in the judicial department. It is the General Assembly which is to define crimes and ordain their punishment.' "

By G.S. 14-190, the General Assembly has seen fit to classify as a criminal act the indecent public exposure by a male or female of his or her private parts and to ordain the punishment therefor. We are not at liberty to include acts not within the terms of the statute. The female breasts are not private parts within the terms of the quoted portion of the statute.

We are of the opinion, and so hold, that the exposure by a female of her breasts to the public view in a public place is not an

CARTER *v.* MURRAY

offense under G.S. 14-190. Neither the legislature, by its enactment of laws, nor the courts, by interpretation thereof, can make a man a gentleman nor a woman a lady — this molding must come from other elements of society.

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.