State v. Andrews

STATE OF NORTH CAROLINA v. DOVER ANDREWS

No. 7125SC255

(Filed 26 May 1971)

1. Larency § 4—larceny of timber — indictment

Indictment alleging that defendant entered the lands of the United States and cut and carried away timber, the property of a lumber company, does not charge the offense of felonious larceny of timber under G.S. 14-80, since the statute requires that the indictment allege that the property taken was the property of the owner of the land.

2. Criminal Law § 13—jurisdiction — valid indictment

It is an essential of jurisdiction that a criminal offense be sufficiently charged in a warrant or indictment.

APPEAL from *McLean, Judge,* 23 November 1970 Session of Superior Court of BURKE County.

Defendant was charged under G.S. 14-80 with felonious larceny of timber. He entered a plea of not guilty, was convicted of the lesser included offense of misdemeanor larceny of timber, and appealed from the judgment entered on the verdict.

*Attorney General Morgan, by Trial Attorney Chalmers, for the State.*

*Simpson and Martin, by Gene Baker, for defendant appellant.*

MORRIS, Judge.

The indictment alleges that the defendant "unlawfully, wilfully, and feloniously, not being the present owner or *bona fide* claimant thereof, entered upon lands of the United States Government in Burke County, North Carolina, there being poplar, oak and white pine timber trees growing or being thereon, the same being the property of Andrew Gennett, Nat Gennett, and others, a partnership doing business as Gennett Lumber Company, and did then and there unlawfully, wilfully and feloniously steal, take, and carry away the property of Andrew Gennett and Nat Gennett and others, a partnership doing business as Gennett Lumber Company, consisting of poplar, oak and white pine timber wood, which the said Andrew Gennett, Nat Gennett and others, a partnership, doing business as Gennett Lumber Company, had purchased from the United States Forest Service, and

being the owner of said wood timber of the value in excess of $17,000 Dollars, then and there being located upon said land, with the felonious intent to permanently deprive Andrew Gennett, Nat Gennett, and others, a partnership, doing business as Gennett Lumber Company, of their possession of said wood timber, and with the felonious intent to convert said wood timber to his own use, the same without the consent or authorization of Andrew Gennett, Nat Gennett and others, a partnership, doing business as Gennett Lumber Company, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The statute under which defendant was charged is G.S. 14-80 "Larceny of wood and other property from land," which provides:

"If any person, not being the present owner or bona fide claimant thereof, shall willfully and unlawfully enter upon the lands of another, carrying off or being engaged in carrying off any wood or any other kind of property whatsoever, growing or being thereon, *the same being the property of the owner of the premises,* or under his control, keeping or care, such person shall, if the act be done with felonious intent, be guilty of larceny, and punished as for that offense; and if not done with such intent, he shall be guilty of a misdemeanor." (Emphasis ours.)

The undisputed evidence in this case was that The United States of America, acting through the Forest Service, United States Department of Agriculture, (Forest Service) and Gennett Lumber Company (Gennett) entered into a contract under which the Forest Service agreed to permit Gennett to cut and Gennett agreed to cut the timber included in the contract, and Forest Service agreed to sell and Gennett agreed to purchase and remove such cut timber subject to the provisions of the contract. One of the provisions was:

"All right, title, and interest in or to any timber included in this contract shall remain in the United States until it has been paid for, cut and scaled; and the right, title and interest in or to any timber which has been paid for, cut and scaled but not removed from the sale area by the purchaser within the period of this contract or any adjustment or extension thereof shall revest in the United States."

The sale area was comprised of 2105 acres, more or less, within the Pisgah National Forest, was located in Compartment #130, and was made up of some 14 units. The units involved in this charge were units 3, 5 and 6. Gennett had done no cutting at all on units 3 and 6 which contained a total of approximately 487,208 feet of timber. They had partially completed cutting unit 5 and had left, when they stopped cutting in that area, some 60,000 feet of white pine. The contract required that the purchase price be paid to the United States for each unit before any cutting was done. The purchase price for the timber in unit 5 had been paid, but no part of the purchase price of units 3 and 6 had been paid.

Defendant admitted cutting and selling the timber but contended he had done so under authority and permission granted by Gennett's agent and supervisor. Gennett admitted contracting with defendant to clean out the units and cut the yellow pine after Gennett had completed a unit, but denied giving any authority or permission to cut any timber other than yellow pine in the cleaning out process.

The undisputed evidence of the State shows that the property taken was the property of the United States under the terms of the contract. The indictment charged defendant with entering upon the lands of the United States and cutting and carrying away timber belonging to Gennett Lumber Company. Had the indictment properly charged an offense under G.S. 14-80, this fatal variance in the charge and proof would have entitled defendant to a dismissal upon his motion. *State v. Cooke, et als.*, 246 N.C. 518, 98 S.E. 2d 885 (1957).

[1]  However, we do not order a new trial because in our view of the matter, judgment must be arrested. We are of the opinion that the indictment does not charge defendant with the commission of an offense under G.S. 14-80. The statute requires that the person indicted must not be "the present owner or *bona fide* claimant" of the lands entered, and that the property carried off must be "the property of the owner of the premises, or under his control, keeping or care." The particularly peculiar wording of the statute clearly requires that the indictment allege that the property taken was the property of the owner of the land. *State v. Boyce*, 109 N.C. 739, 14 S.E. 98 (1891), see concurring opinion of Justice Shepherd. Here the indictment alleges that defendant, not the owner or *bona fide* claimant thereof, entered

the lands of the United States and cut and carried away timber, the property of Gennett Lumber Company. The statute was enacted in 1866, immediately after the Civil War, to suppress aimless wanderers from entering land and doing great damage. Prior to the enactment of this statute, landowners had little or no protection against the willful and unlawful taking from their land property which was not, either by common law or previous statute, the subject of larceny. *State v. Vosburg*, 111 N.C. 718, 16 S.E. 392 (1892).

No latitude of construction is permitted in the interpretation of a penal statute. This statute is highly penal in character. We are not at liberty to extend its import by implication or equitable construction to include an offense not clearly described. *State v. Jones*, 7 N.C. App. 166, 171 S.E. 2d 468 (1969) ; *State v. Hill*, 272 N.C. 439, 158 S.E. 2d 329 (1967).

[2]    Defendant did not move in arrest of judgment. However, it is elementary that an essential of jurisdiction is that a criminal offense shall be sufficiently charged in the warrant or indictment. *State v. Stokes*, 274 N.C. 409, 163 S.E. 2d 770 (1968). This defect appears on the face of the record proper. We, therefore, *ex mero motu* arrest the judgment, and the State, if it so desires, may proceed against the defendant on a legally sufficient instrument. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1969) and cases there cited; *State v. Stokes, supra.*

Judgment arrested.

Judges BROCK and HEDRICK concur.