STATE OF NORTH CAROLINA v. MARK EDWARD FLY

No. COA96-1109

(Filed 19 August 1997)

**Obscenity, Pornography, Indecency, or Profanity § 25 (NCI4th)— indecent exposure—buttocks not private parts under statute**

The trial court erred by denying defendant's motion to dismiss a prosecution for indecent exposure under N.C.G.S. § 14-190.9 in which defendant was charged with indecent expo-

sure for exposing his buttocks. The statute prohibits wilfully exposing "private parts" and the Court of Appeals has held that "private parts" as used in N.C.G.S. § 14-190.9 refers to "genital organs." While the conduct engaged in by defendant is indecent as that term is generally defined, it is not within the province of the Court of Appeals to vary from the natural and ordinary meaning of words used by our legislature to define the criminal offense.

Judge WALKER dissenting.

Appeal by defendant from judgment dated 20 December 1995 by Judge William H. Helms in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 May 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Amy R. Gillespie, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Karen E. Eady, for defendant appellant.*

GREENE, Judge.

Mark Edward Fly (defendant) appeals a jury verdict finding him guilty of indecent exposure.

On 26 July 1995 Mrs. Barbara Glover (Glover) was walking up the stairs to her condominium when defendant appeared on the landing three steps above her. He was wearing only a baseball hat and shorts, which were pulled down to his ankles. Defendant bent over, with his back to Glover, allowing Glover to view the "crack of his buttocks" and his "fanny." Defendant then ran away and escaped on his bicycle. The following morning Glover looked out the window of her condominium and saw defendant sitting on his bicycle looking toward her condominium. He was wearing the same baseball hat and shorts. Glover called 911 and defendant was arrested and charged with indecent exposure for unlawfully and willfully exposing "the private parts of his person in a public place."

At trial defendant moved to dismiss the charge on the grounds that the evidence was insufficient to show each element of the crime charged. The motion was denied and a jury found defendant guilty of indecent exposure.

The dispositive issue is whether "private parts" as that phrase is used in N.C. Gen. Stat. § 14-190.9 includes a person's buttocks.

Section 14-190.9 makes it a Class 2 misdemeanor for any person to:

> (a) [W]illfully expose the *private parts* of his or her person in any public place and in the presence of any other person or persons, of the opposite sex. . . .

N.C.G.S. § 14-190.9 (1993) (emphasis added).

Although the statute does not define "private parts," this Court has previously held that "private parts," as that phrase is used in section 14-190.9, refers to the "genital organs." *State v. Jones*, 7 N.C. App. 166, 169, 171 S.E.2d 468, 469 (1970) (holding that the exposure of a woman's breasts did not violate section 14-190.9 because they were not her private parts). Because a person's buttocks are not "genital organs," *see American Heritage College Dictionary* 568 (3d ed. 1993) (defining genital organs as those related to "biological reproduction"), it follows that the buttocks are not "private parts" within the meaning of section 14-190.9.[1] *See* John H. Snyder, *North Carolina Elements of Criminal Offenses* 207 (5th ed. 1994) (exposure of buttocks not a violation of indecent exposure statute).

We recognize that the conduct engaged in by the defendant in this case is indecent as that term is generally defined. *See American Heritage Dictionary* 653 (2d college ed. 1982) (indecent defined as "[o]ffensive to good taste"). It is not within the province of this Court, however, to vary from the natural and ordinary meaning of words

---

1. We note that the dissent relies on N.C. Gen. Stat. §§ 14-190.13 and -202.10 to "establish that our legislature intended to include buttocks as a 'private part.' " Those statutes, however, are unrelated to the matter addressed in section 14-190.9 and thus are not appropriately used to establish the meaning of "private parts," a phrase unique to section 14-190.9. *See Carver v. Carver*, 310 N.C. 669, 674, 314 S.E.2d 739, 742 (1984) (only statutes applicable to the same matter are "construed together in order to ascertain legislative intent"). The enactment of sections 14-190.13 and -202.10, occurring subsequent to the enactment of section 14-190.9, does reveal, however, a deliberate choice by the legislature to avoid using the phrase "private parts" in the more recent statutes while retaining it in the earlier statute. Its retention in section 14-190.9 is particularly significant in the face of this Court's decision in *Jones* because it reflects a satisfaction with that Court's definition of "private parts" as a person's "genital organs." *See Anderson v. Baccus*, 109 N.C. App. 16, 22, 426 S.E.2d 105, 108 (1993) ("where [legislature] chooses not to amend a statutory provision that has been interpreted in a specific . . . way by our courts, we may assume that it is satisfied with that interpretation"), *aff'd in part and rev'd in part on other grounds*, 335 N.C. 526, 439 S.E.2d 136 (1994).

used by our legislature to define the criminal offense.[2] *Harrison v. Guilford County*, 218 N.C. 718, 722, 12 S.E.2d 269, 272 (1940). It is the legislature that is to define crimes and ordain punishment and the courts are not permitted to extend the application of the statute "by implication or equitable construction" to include acts not clearly within the prohibition. *State v. Hill*, 272 N.C. 439, 443, 158 S.E.2d 329, 332 (1968).

In this case there is no evidence that the defendant exposed his genital organs and the trial court therefore erred in denying the defendant's motion to dismiss.[3] *See State v. Corbett*, 307 N.C. 169, 182, 297 S.E.2d 553, 562 (1982) (action must be dismissed if State does not present substantial evidence of each element of crime).

Reversed.

Judge JOHN concurs.

Judge WALKER dissents with separate opinion.

Judge WALKER dissenting.

I would give a broader interpretation to the statute to include buttocks within the definition of "private parts." In *State v. Jones*, 7 N.C. App. 166, 171 S.E.2d 468 (1970), this Court stated that "[t]he term 'private parts' appears to be generally acceptable legal parlance in referring to male or female genitalia." *Id.* at 167, 171 S.E.2d 468-69. However, I find nothing which leads me to conclude that the definition of "private parts" means only one's genitalia.

A recent case from Virginia is persuasive authority that buttocks should be considered "private parts." Virginia's indecent exposure

---

2. Dictionaries may be used to determine the natural and ordinary meaning of words used in statutes. *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970). Dictionaries define "private parts" to be a person's genitals. *See American Heritage Dictionary* 986 (2d college ed. 1982); Bernard S. Maloy, M.D., *Medical Dictionary for Lawyers* 467 (1951); XII *Oxford English Dictionary* 516 (2d ed. 1989).

3. Although the issue is not presented in this case, defendant's conduct may well be in violation of the common law crimes of breach of the peace and/or the creation of a public nuisance. *See State v. Everhardt*, 203 N.C. 610, 617, 166 S.E. 738, 741-42 (1932) (common law public nuisance); *State v. Mobley*, 240 N.C. 476, 482, 83 S.E.2d 100, 104 (1954) (common law breach of the peace); John Snyder, *North Carolina Elements of Criminal Offenses* 207 (5th ed. 1994) (exposure of a person's buttocks "probably constitutes a breach of peace or public nuisance").

statute provides in part: "Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place . . . shall be guilty of a Class 1 misdemeanor." Va. Code § 18.2-387. Like this State, Virginia has not further defined "private parts." Nevertheless, in *Hart v. Virginia*, 18 Va. App. 77, 441 S.E.2d 706 (1994), the Court of Appeals of Virginia held that the legislature intended to include buttocks in the category of private parts. The Court reasoned that while the term "private parts" is not defined within the purview of the indecent exposure statute, "other related phrases make clear the legislature's intent to include the groin and buttocks within that category." *Id.* at 79, 441 S.E.2d at 707. The Court was referring to two sections of the Virginia Code. One section which defines "intimate parts" to include "not only genitalia, but also the 'anus, groin, breast or buttocks.'" The other section defines "nudity" as a " 'state of undress so as to expose the human . . . genitals, pubic area or buttocks. . . .' " Id.

Like Virginia, our statutes do not specifically state which body parts are included in the term "private parts" under N.C. Gen. Stat. § 14-190.9. However, other criminal statutes within Article 26 (Offenses against Public Morality and Decency) and Article 26A (Adult Establishments) define related phrases which we draw from to establish that our legislature intended to include buttocks as a "private part" under N.C. Gen. Stat. § 14-190.9.

In N.C. Gen. Stat. § 14-190.13, *Definitions for certain offenses concerning minors*, "sexually explicit nudity" is defined in part, as follows:

The showing of:

a. Uncovered, or less than opaquely covered, human genitals, pubic area, or buttocks, or the nipple or any portion of the areola of the human female breast. . . .

Similarly, N.C. Gen. Stat. § 14-202.10 defines terms used in Article 26A, *Adult Establishments*. There, the term "specified anatomical areas" is defined in pertinent part as:

a. Less than opaquely covered: (i) human genitals, pubic region, (ii) buttock, or (iii) female breast below a point immediately above the top of the areola. . . .

Although the purposes of the aforementioned statutes are distinguishable from that of N.C. Gen. Stat. § 14-190.9, they all were

**TOOLE v. STATE FARM MUT. AUTO. INS. CO.**

[127 N.C. App. 286 (1997)]

enacted to prohibit offenses against morality and decency. As such, I would conclude that the term "private parts" was intended to encompass the buttocks.

Defendant's actions were precisely the type of conduct the statute is designed to prohibit. The buttocks are a part of the human body which morality and decency require to be covered in the presence of others. Thus, our statute should be reasonably interpreted to include buttocks within the meaning of "private parts" and to protect citizens from the exposure experienced by the witness on this occasion. On this basis, I respectfully dissent.