In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-489 CR


____________________



JESSE ROBERT PROCTOR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 17,339






MEMORANDUM OPINION


 In accordance with a jury verdict Jesse Robert Proctor was convicted of indecency
with a child by sexual contact and assessed punishment at five years of incarceration,
probated for five years. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The two
issues raised in this appeal concern the legal and factual sufficiency of the evidence to
support the jury's finding that Proctor touched the anus or any part of the genitals of the
victim. 

 In reviewing legal sufficiency, we consider all the evidence in the light most
favorable to the prosecution to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing factual
sufficiency, we consider all the evidence in a neutral light, favoring neither party, to
determine whether the fact finder was rationally justified in finding guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
"Deference is given to the jury verdict, as well as to determinations involving the
credibility and demeanor of witnesses." Id. at 481. The evidence is factually insufficient
when either the evidence supporting the verdict or judgment, considered by itself, is too
weak to support the finding of guilt beyond a reasonable doubt, or the contrary evidence
is so strong that guilt cannot be proven beyond a reasonable doubt. Id. at 484-85. 

 Evidence revealing the extent of Proctor's physical contact with the child came from
two sources: the victim's trial testimony and the appellant's extrajudicial confession. A
written statement provided by the appellant stated, as follows: 

 I, Jesse Proctor, did touch [the complainant] in a private area. I did
so in the fron [sic] of her panties. I do not know why I did so and have
never done this before or after. [The complainant] was in her room on her
bed at [her father's] house. She was wareing [sic] panties and don't
remember what else I stuck my hand down the front of her panties but not
inside her vagina. (1)


 Proctor argues he did not admit to having touched the child's anus or genitals. We
agree that the statement does not mention anal contact. We disagree with the appellant's
position regarding genital contact. First, Proctor's choice of the word "touch" admitted
actual physical contact. "Private area" is an obvious euphemism for the part of the human
body where the genitals are located. Courts have long applied the understood meaning to
such words. See, e.g., Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977)
("front butt" described genitals); Thomas v. State, 399 S.W.2d 555, 556 (Tex. Crim. App.
1966) ("privates" described vulva); Ball v. State, 163 Tex. Crim. 214, 289 S.W.2d 926,
928 (1956) (evidence of touching "privates" satisfied allegation of contact with vulva); 
Pendell v. State, 158 Tex. Crim. 119, 253 S.W.2d 426, 427 (1952) ("private parts" and
"genital organs" refer to the genitals or the external genital procreative organs); Carmell
v. State, 963 S.W.2d 833, 837 (Tex. App.--Fort Worth 1998, pet. ref'd), rev'd on other
grounds, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) ("genital area" included
genitals and satisfied allegation of genital contact with sexual organ in sexual assault
prosecution); Guia v. State, 723 S.W.2d 763, 766 (Tex. App.--Dallas 1986, pet. ref'd)
("private place" communicated contact with genitals). (2) "Sexual contact" under Section
21.11 encompasses touching the external genital organs of a female, including the pubic
mound. Carmell, 963 S.W.2d at 837; Lujan v. State, 626 S.W.2d 854, 859 (Tex. App.--San Antonio 1981, pet. ref'd). In this case, Proctor further described the anatomical part
he contacted by specifying that his hand was inside the complainant's panties but not inside
her vagina. Although Proctor does not use the word "genitals" in his statement, the jury
could infer from this statement that Proctor admitted to touching the child's external
genitalia. 

 Proctor claims the child denied that he touched her anus or genitals. Therefore, he
argues, the child's testimony neither establishes his guilt nor corroborates his statement.
"[A]n extrajudicial confession of wrongdoing, standing alone, is not enough to support a
conviction; there must exist other evidence showing that a crime has in fact been
committed." Rocha v. State, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000). This other
evidence - the corpus delicti - is sufficient if there is "some evidence which renders the
commission of the offense more probable than it would be without the evidence." Id. In
this case, the child did not, as the appellant claims, testify that the appellant did not touch
her anus or genitals. The child testified that, after going to bed after midnight on New
Years' Eve, she awoke from a sound sleep at dawn because she "felt something cold on
my behind area." The witness testified that the appellant's hand was beneath her
underwear. All she felt was his hand on the cheek of her buttock as he slid his hand away
from her "like trying to get away." The appellant crawled rapidly out of the room on his
hands and knees. The complainant testified that she was not saying that her buttock was
the only place Proctor touched. The child could not testify that she felt the appellant's
hand on her anus or genitals, but she explained, "I was asleep." She was not sure if he
was trying to penetrate her. The corroborating evidence need not be sufficient by itself
to prove the offense. Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994). In
this case, the child's testimony that the appellant had his hand inside the child's panties and
that he pulled away when she awoke is evidence that a crime occurred and that a criminal
agent was involved. 

 The jury was authorized to convict if it found beyond a reasonable doubt that
Proctor engaged in sexual contact by touching the anus or any part of the genitals of the
complainant. Sexual contact under Penal Code Section 21.11 includes touching the
external genitals of a female minor. Tex. Pen. Code Ann. § 21.11(c). Viewed in the
light most favorable to the prosecution, Proctor admitted he touched the genitals of an
eleven-year-old child and the child's testimony that the defendant's hand was inside her
underwear corroborated the appellant's extrajudicial confession. Viewed in a neutral light,
and considering that the appellant did not specify that he touched her "genitals" and that
his victim could not testify that she felt the appellant's hand on her genitals, the evidence
is not so weak that the verdict is clearly wrong and unjust. 

 We hold the evidence is legally and factually sufficient to support the jury's verdict. 
Issues one and two are overruled. The conviction is affirmed.

 AFFIRMED. 




 _____________________________

 STEVE McKEITHEN

 Chief Justice 



Submitted on July 14, 2005

Opinion Delivered August 24, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court redacted extraneous statements from the confession. We deleted
the names of the victim and her father to protect their privacy. 
2. Typically, the cases concern testimony from a child victim whose youth is
considered in deciding whether the evidence is sufficient to support the conviction. The
facts of this case are different, but a jury can either draw an inference from certain words
commonly used by or with children to describe a body part, or it cannot.