## CREED WATKINS v. THE STATE.

### No. 3815.   Decided November 10, 1915.

**·1.—Rape—Evidence—Res Gestae—Statement of Injured Female.**

Upon trial of rape upon a female under the age of consent, who was only
a little over four years old, there was no error in permitting the State to prove
·the statement of the child, through its mother, made something like an hour or
an hour and a half to the latter by the child after the alleged assault was
made, charging the defendant with the outrage, where the mother, together with
a physician, immediately thereafter examined the child, and discovered plain
evidences of the offense; and this, although the child itself may perhaps have
·been competent to testify.  This was res gestae.  Following Kenney v. State,
79 S. W. Rep., 817, and other cases.

**2.—Same—Penetration—Rape, When.**

It is not necessary that the hymen be ruptured; or even the penetration
·of the male member reach that point; if it enters between the labia or lips of
the female's private parts, the penetration is sufficient to constitute the crime
of rape,

· Appeal from the District Court of San Augustine.  Tried below
before the Hon. A. E. Davis.

Appeal from a conviction of rape on a female under the age of con-
sent; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Wm. McDonald,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of rape upon a little
girl under fifteen years of age, the record showing she was about four
years and nine months old.  He was awarded ten years confinement in
the penitentiary.

During the trial the State offered the testimony through the mother
·of the child to prove the statements of the child made something like
an hour or an hour and a half after the alleged assault under prac-
tically the following circumstances:  The mother of the child testified
:that her husband was suffering with an abscess or some trouble, at least,

with one of his teeth. She carried him to town, a half mile or such matter, to the dentist for the purpose of having the place lanced. That she was gone half an hour to an hour. On her return the little girl detailed her the statements of the assault, charging the defendant with having outraged her. Appellant's contention was, this was hearsay and inadmissible. The mother at once examined the child and found the private parts injured to some extent and later sent for Dr. Smith, who testified that the hymen had not been ruptured, and so far as that was concerned she had not been penetrated, but he does testify that he examined the child and found the genital organs inflamed and bruised with some discharge between the external genitals. "The discharge was a kind of pus, stringy like." He had been treating her since. He continued this treatment and made one or two more examinations during the treatment. He says it was possible that the male organ of a man could produce that condition of the private parts. "As to what depth of the external parts this condition existed, will say, I would have to kinder estimate that; it is the external genitals; they are external to the vagina, external to the hymen. The depth to the hymen would vary. I suppose in this little girl it is something like half an inch probably. As to whether or not this red condition or bruised condition extends to that entire thickness, will say, there was more in the bottom, you might say, than the outside. Whatever produced that condition must have extended for at least half an inch in this external genital organ."

Appellant was a boy about eighteen years of age and given to masturbation. With reference to the question of penetration in rape, it is not necessary that the hymen be ruptured, or even the penetration of the male member reach that point. If it enters between the labia or lips of the female private parts this has been held sufficient penetration to constitute the crime of rape. A complete act is not necessary. It is deemed unnecessary to go further into the particulars. If the statement of the little girl to the mother, and the evidence of Dr. Smith are to be credited, and it seems to have been by the jury, this offense was sufficiently shown to constitute the crime of rape, or rather to constitute penetration, and it being a girl under fifteen years of age, the question of consent does not enter into consideration.

Appellant's main objection is that it was hearsay testimony, the acts and declarations of the mother and the child in the absence of the defendant could not be used against him, and to meet this he asked an instruction, which was refused, that a verdict of not guilty be returned. The court, under the ruling in the Kenney case, 79 S. W. Rep., 817, did not err in admitting the statements of the girl to her mother and the production of these statements before the jury on the ground and theory that they were res gestae. The writer did not agree with the majority in that case, but the opinion speaks for itself, as does the dissenting opinion. Since that, however, the Kenney case has been approved in quite a number of cases. 81 S. W. Rep., 31; 81 S. W. Rep., 831; 84 S. W. Rep., 761; 84 S. W. Rep., 824; 87 S. W. Rep., 159;

88 S. W. Rep., 344; 90 S. W. Rep., 315; 94 S. W. Rep., 943. Whatever may have been or may now be the views of the writer, these authorities sustain the State's contention and support the correctness of the conviction so far as that question is concerned.

It is shown also that the court by the qualification of the bill held that the little girl was competent to testify, but the district attorney seems to have differed with the court about this matter and only introduced the res gestae statements and acts and declarations of the little girl to her mother. We are disposed to disagree with the finding of the court that the girl was a competent witness, but under the authorities cited above this testimony was admissible under the doctrine of res gestae.

The judgment, therefore, will be affirmed.

*Affirmed.*