Rockingham, }
March 5, 1929. }

STATE *v.* FRANCIS NASH.

*Stewart E. Rowe,* solicitor (by brief and orally), for the state.

*Thomas H. Simes* and *Samuel W. Emery* (*Mr. Emery* orally), for the defendant.

MARBLE, J.   1. The children on whom the assaults were alleged to have been committed had been placed by their mother in the care of the defendant and his wife.   They remained in their charge for about two years and a half.   Each child testified that the defendant sometimes put her to bed and that when he did so he would perform certain acts of indecency.   It seems unnecessary for the purposes of this opinion to enumerate those acts in detail.   The defendant does not deny that there was testimony that he placed his hand close to the sexual organs of the children, but claims that there is no direct evidence that he committed the precise act alleged, and that there is therefore a material variance between the charge and the proof.

His argument is sufficiently answered by stating that in prosecutions of this nature the term "private parts" is not to be given a strict technical meaning but includes the organs of reproduction and their "immediate vicinity."   See *Clark* v. *People*, 224 Ill. 554, 560, 561.

2. The respondent's wife was the niece of Edward T. Dwyer, the children's father.   She testified that Mrs. Dwyer, the children's mother, had always been jealous of her, that their relations had been unfriendly and that the trouble between the two families had led to the separation of Mr. and Mrs. Dwyer.   As tending to rebut the insinuation that Mrs. Dwyer had instituted the proceedings against the defendant from motives of ill-will the state called the chief of police of Portsmouth, who testified, subject to the defendant's exception, that Mrs. Dwyer did not come to him with any complaint, but that he sent for her and the children, and told her, after hearing their stories, that it was a proper case to bring to the attention of the court, but that Mrs. Dwyer did not wish this done, as she was afraid it would injure the children to have the story brought out.

This evidence requires no argument in support of its admissibility. *State* v. *Saidell*, 70 N. H. 174.

3. During his argument to the jury the solicitor said: "There is not the slightest indication that those two girls were coached or told by their mother, or told by anyone, to tell that story.   You saw with your own eyes, and heard with your own ears how haltingly and how with great difficulty they told their story, and how the county solicitor had to wait for the answers, and you heard one of their answers interrupted by the lawyer for the defence."

538

The defendant objected to the reference to interruption, and the statement was immediately withdrawn.

The solicitor made no assertion which was not supported by the evidence. The record shows that counsel for the respondent did interrupt one of the answers of Catherine Dwyer. If it was the solicitor's intention to comment unfavorably on that interruption, he changed his purpose as soon as objection had been made. The defendant is understood to have abandoned this exception at the oral argument, and it requires no further consideration.

*Exceptions overruled.*

PEASLEE, C. J., and ALLEN, J., were absent: the others concurred.