## JEP FLANNERY v. THE STATE.

No. 19611.    Delivered April 6, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

Nat M. Crawford and Enoch G. Fletcher, both of Grand Saline, for appellant.

Lewis Orsborn, County Attorney, of Canton, and Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense charged is rape, and the punishment assessed at twenty years' confinement in the penitentiary.

The appellant, a man twenty-three years old, who had been married twice, was charged with rape upon a child, Drusilla

Goode, who was eight years old at the time of the alleged commission of the offense herein charged.

The little girl's testimony makes out a clear case of an assault upon her person by appellant, and the doctor's testimony shows that her person had been tampered with at some time near the date of the examinations of her body. One of these examinations also shows that this little girl was suffering with gonorrhea about the 6th day of May, which was five days after the time she was alleged to have been raped. Another examination by another doctor on May 10th thereafter showed that there was a copious gonorrheal discharge from the little girl's private parts. This same doctor examined the appellant on May 7, 1937, and found him also suffering from a gonorrheal discharge at such time. Both doctors found some slight rupture of Drusilla's hymen, and indications of previous violence in her privates.

Appellant's bill of exceptions No. 1 complains of the witness Drusilla Goode being allowed to testify because of the fact of her tender age, his contention being that a child under ten years of age could not testify under the pains and penalties of perjury, because such child could not be punished for any crime that it might commit.

Such used to be the law, and such was so held in the case of Freasier v. State, 84 S. W. 360, and therein such matter was called to the attention of the Legislature, that Article 34, P. C. 1895, provided that: "No person shall, in any case, be convicted of any offense committed before he was of the age of nine years."

The Constitution of the State, Article 1, Section 5, provides: "No person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury."

Thus,—taking the statute exempting children from the pains and penalties, and yet the Constitution requiring all oaths to be taken subject to the pains and penalties of perjury,—disqualifying all children under the age of nine years from testifying in court. Upon such a condition being called to its attention the Legislature passed what is now Article 30, Penal Code, as follows: "No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion

to understand the nature and obligation of an oath; nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

Since the passage of such article Freasier v. State, supra, has ceased to be of any value as authority on this particular proposition. It is now a question of the individual competency of the child, which is a matter largely left to the trial judge's discretion. In this instance the child testified intelligently, so it seems from the statement of facts, and, according to the bill, she was examined outside of the presence of the jury; she stated she was eight years old at the time of the commission of this offense; nine years old when testifying; that she knew it was wrong to tell a lie; that the devil would get her if she told a lie, and that her mother would whip her if she told a lie; that there wasn't any other punishment for telling a lie except for the fact that her mother would whip her.

The competency of the witness was a matter resting largely in the discretion of the court, and a perusal of her testimony convinces us that he did not abuse such discretion.

In the case of Johnson v. State, 1 Texas Crim. App. 609, we find the following: "On the trial of the cause the State offered as a witness Lottie Wood, who, upon oath, being examined upon her voir dire, said that she was ten years old last July (1876) ; that she went to Sunday-school every Sunday, and that it was wrong to tell a story."

On such testimony this Court declared it to be a matter within the discretion of the trial judge as to her competency, and such discretion had not been abused in permitting such a child to testify. Also see Thomas v. State, 63 S. W. (2d) 705; Zunago v. State, 138 S. W. 713; Branch's Ann. P. C., Section 1771; 44 Tex. Jur., p. 1010, and cases there cited.

Bill of exceptions No. 2 complains of the State's attorney asking leading questions of the little girl relative to the location of the barn in which she testified the act of rape occurred. The matter was not of serious import, so we think, and not outside of the latitude that should doubtless be allowed in the examination of a nine year old child on matters that were testified to by other witnesses in the case. To the same effect is the complaint found in bill No. 3, and we can see no error in the State's attorney asking the witness what appellant did to her unionalls, and eliciting the answer that he (appellant) opened

the front of her unionalls; and further eliciting the answer "Yes sir" to the question "Did he put his male organ into your female organ?" While such question was leading, nevertheless the rigor of the rule forbidding the asking of such questions bears some flexibility when dealing with a witness of tender years. It is a well known characteristic that little girls of tender years are usually loath to testify about such matters as this one was, called to testify, and sometimes refuse to talk at all, through nervousness or innate modesty, and it appears from the bill that the witness did not answer anything at all when first asked to tell what appellant did after he had thrown her to the ground, and it necessitated a leading question in order to obtain an answer to such a usually embarrassing question. There was other testimony in the record rather strongly corroborative of Drusilla's, and we do not think any injury was shown herein.

The appellant next complains in bills Nos. 4, 5 and 6 of practically the same or closely allied propositions, they all having the same purpose and end in view. In order to account for the discharge from the body of the little girl, appellant desired to show by Constable Robinson (1) that Vena Mae Goode, the sister with whom Drusilla slept, had pleaded guilty to the offense of prositution just prior to May 1, 1937; (2) that by the same witness Annie Mae Goode, the mother of Drusilla, had also been arrested for prostitution, and had pleaded guilty thereto and laid part of her fine out in jail; and (3) by the jail records that Annie Mae Goode had been incarcerated in the county jail of Van Zandt County in November, 1936, charged with vagrancy. All of this proof was by the court refused, hence these three bills. In the first place such proffered proof was not the best evidence of a charge for such offenses, and in the second place, as such was offered only to show that Drusilla may have caught her disease from her sister with whom she slept, or her mother. In order to have such cogency, it seems to us that there should have been shown that the sister and the mother had such disease, if same was true, by testimony not so remote and speculative, and it is to be here noted that both sister and mother submitted themselves to a medical examination, and the doctor testified that they were free from any such disease as Drusilla was suffering from.

In fact bill No. 7 is to the effect that while Vena Mae was on the stand she denied that she had gonorrhea, or had ever had it, but when asked by appellant's attorney if she would submit to an examination therefor, she refused to submit to such an examination. After she left the stand it seems that she sought

out a doctor of her own, or the State's choice, and submitted herself to his examination, and his testimony that she was free from such disease is the subject of this bill. The burden of appellant's objection thereto was that this witness having refused such an examination when on the stand, that such present examination had been made by a doctor of the State's choice, rnd the appellant had been denied the right to have a doctor of his choice present at such examination. We can see no error reflected in such proceedings. Doubtless the lady did not desire any more persons than were necessary when her body was undergoing an examination, and she went to a physician who, the testimony showed, had examined her father, her mother and her sister Drusilla. The fact that he seemed to have been the family physician would not make the occasion quite so embarrassing as if there were others also present at such time. As shown by this bill, we find no error.

Bill of exceptions No. 9 complains of the court's charge wherein he charged, in substance, that in order to constitute rape, it was not necessary that there should be a complete penetration of the vagina of the female, but that the slightest peneration of the female by the sexual organ of the male would be sufficient.

The charge of the court must be taken as a whole, and when so taken, it seems to us to be in accordance with prior decisions of this Court. We quote therefrom: " * * * and further, the proof must show beyond a reasonable doubt that the sexual organ of the female was penetrated by the male organ of the party accused.

"You are further instructed that the slightest penetration of the body of the female by the sexual organ of the male is sufficient; it is unnecessary that the penetration should be perfect; nor that there should be an entering of the vagina or rupture of the hymen; the entering of the vulva or labia is sufficient."

"The law requires penetration, but not to any particular extent." Blackmon v. State, 87 Texas Crim. Rep. 173, 220 S. W. 93. Again, "Penetration is an element of rape, and must be proved beyond a reasonable doubt, though such penetration need not be of any particular depth." Galaviz v. State, 82 Texas Crim. Rep. 380, and cases there cited. The charge complained of was quoted in Mirick v. State, 204 S. W. 222, and was taken verbatim from 22 Cyc., p. 1422, and the same doctrine is continued in 52 Corpus Juris, p. 1015; also in Vickers v. State, 288 S. W. 191. In Watkins v. State, 180 S. W. 116, Judge DAVIDSON said: "With reference to the question of penetration

in rape, it is not necessary that the hymen be ruptured, or even the penetration of the male member reach that point. If it enters between the labia or lips of the female private parts, this has been held sufficient to constitute the crime of rape. A complete act is not necessary." Also see Article 1187, P. C. The only objection to such charge is met by the above quotations.

Bills Nos. 10, 11, 12 and 13 are to the argument of the county attorney, and are all incomplete in that nowhere therein is it shown that such argument was not an invited argument upon the part of the appellant's attorney in his remarks to the jury, and same is in each instance a blanket objection to such remarks, a portion of which are not objectionable under any construction. These bills are in such condition that we see no error reflected therein.

We have discussed this case at some length because of the many questions raised by appellant's attorney, for which he is to be commended, but we are of the opinion that no error has been shown, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, insists that the prosecutrix, who was nine years of age at the time of the trial, was not a competent witness inasmuch as she was not subject to the pains and penalties of perjury.

His contention is based on H. B. No. 1073, passed by the 45th Legislature and approved June 9, 1937, which provides:

"The term 'delinquent child' shall include any boy between the ages of ten and seventeen years and/or any girl between the ages of ten and eighteen years who violates any penal law of this state, * * * [etc.]."

The Act further provides that whenever any girl between the ages of ten and eighteen years or any boy between the ages of ten and seventeen years shall be brought before any juvenile court upon indictment or information—the court may, if in the opinion of the judge the cause so merits, commit such person to the Juvenile Training School. Said Act does not expressly repeal Article 30, P. C., which provides that "No person shall be convicted of any offense committed before he was nine years of age except for perjury," etc.

Therefore the Penal Code of this State still provides for punishment for children under nine years of age who are guilty of perjury. Unless we should hold that Article 30, P. C., is repealed by implication, appellant's position can not be sustained. This we can not do for two reasons: (1) The law does not favor the repeal of a statute by implication; and (2) when a girl between the ages of ten and eighteen is tried as a delinquent child, the judge before whom such child is tried may send her to the Juvenile Training School if he thinks it is the proper place for her. If he does not so think, it seems that he may, in the exercise of his judicial discretion, send her elsewhere. But nowhere is it provided in this new Act that a child under the age of ten years may not be punished. Since Article 30, P. C., providing for the punishment of a child under nine years of age for the offense of·perjury and Article 308, P. C., prescribing the punishment for perjury are not repealed, the same must be given effect in construing the statutes relating to the punishment of children. It follows, therefore, that the prosecuting witness in the instant case was subject to the pains and penalties of perjury and was a competent witness.

Appellant contends that the evidence is insufficient to sustain his conviction. He claims that prosecutrix contracted the disease from her older sister. There is no evidence in the record to support his contention. To the contrary, Dr. Hillard, who examined this older sister, testified that she had no trace of gonorrhea. That he also examined the father and mother of the prosecutrix but found no evidence of such a disease present. However, appellant *was* affected with the disease. The prosecutrix testified to facts which made a complete case against him and she is corroborated by many facts and circumstances. Hence the issue of appellant's guilt became one of fact for the jury and they decided it adversely to his contention. This Court is not authorized to reverse a case for insufficiency of the evidence unless it can be said as a matter of law that the evidence fails to show beyond a reasonable doubt the appellant's guilt. This we can not do under the evidence in this case.

All of the other matters urged by appellant in his motion have been considered by us and are deemed to be without merit.

The motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.