No. 28,217. April 11, 1956.
Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) May 23, 1956.

*Harry E. Lofthus,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of fondling a child under Art. 535d, Vernon's Ann. P.C., and his punishment was assessed at 25 years in the penitentiary.

The state's witness, Gloria Lozano, testified that she was eleven years of age; that on May 13, 1954, she went to spend the night with Peggy Hornbeck, age 10, whose mother was not at home that night; and that the appellant came to Peggy's house and after a short time they went in appellant's car, all riding in the front seat, to a drive-in picture show. She further testified that after they got some popcorn Peggy was sitting on appellant's lap and she was sitting by the door; that he kept moving over toward her and he soon placed his arm around her, raised up her dress and slip, pulled down her panties, and put his hand on her leg and on her privates; and that she and Peggy soon went to the concession stand where she talked with the manager who called the officers.

The manager of the drive-in picture show testified that on May 13, 1954, Gloria Lozano "somewhere between eight and nine o'clock—the little girl came in the concession stand, and she was nervous and crying, and said the man in the car wouldn't leave her alone," and that he then called the officers.

Appellant did not testify but introduced in evidence the second paragraph of a written statement made to the district attorney on May 17, 1954, which reads as follows:

"Now I want to tell about the picture show Thursday night May 13, 1954, when I took Peggy Hornbeck and Gloria Lozano to the Skyway Drive-Inn in Amarillo, Texas. We were watching the show and both of the girls had been out of the car several times to go to the concession stand, and they were both back in the car. Peggy was sitting in my lap and Gloria was sitting beside me and I had my arms around both of them. I may have touched her on the leg or hip. Then both of them got out of the car and I don't know why. I waited and waited on them and the next thing that I know is that the deputy sheriff came to the car and arrested me. I never physically harmed either of the girls. This is all that I have to say about either of the girls."

After appellant introduced in evidence the second paragraph in said statement, the state offered in evidence the remainder of said written statement which is Paragraph No. 1. Appellant objected thereto on the ground that "it tends to prejudice the defendant and is an attempt to convict him by the introduction of evidence of an extraneous offense; we say it is absolutely immaterial to this prosecution and highly prejudicial to this defendant." The court stated that it would be admitted for "the limited purpose as bearing on intent," and to which appellant excepted.

The portion of said written statement introduced by the state reads:

"My name is Robert Edward Ball and I am 49 years of age. I room at the Navajo Lodge, Amarillo, Texas. I work for the Santa Fe Railroad. On or about May 1, 1954, I was baby sitting and watching television at Peggy Hornbeck's mother's house with Peggy Hornbeck at 1949 Roosevelt, Amarillo, Texas. We were watching television and I was drinking whiskey and we were playing and cutting up. By we, I mean me and Peggy Hornbeck. Peggy was sitting on my lap and playing with my prick. Peggy went into the bathroom and came back without her panties on and got back on my lap and I loved around with her a little more. I kissed her on the pussy and then I put my prick between her legs. I got my gun and that is all I have to say about that time."

Appellant strenuously insists that the trial court erred in

permitting the state to introduce in evidence Paragraph 1 of appellant's written statement made to the district attorney on May 17, 1954, over his objection that "it tends to prejudice the defendant and is an attempt to convict him by the introduction of evidence of an extraneous offense" and is immaterial and highly prejudicial.

The facts related in Paragraph 1 of appellant's statement show his fondling of the sexual parts of Peggy Hornbeck while visiting Peggy's home, in the absence of her mother, on the evening of May 1, 1954, and his conduct at that time reveals that such acts were for the purpose of satisfying his lust or immoral sexual emotions.

The testimony shows that he returned to the home of Peggy Hornbeck on May 13, 1954, when Peggy's mother was away from home and Gloria Lozano had come to spend the night, that they went in his car to a drive-in picture show, and while Peggy was sitting in his lap that he placed his hand on the leg and privates of Gloria.

In Jones v. State, 156 Tex. Cr. R. 2, 238 S.W. 2d 529, in passing upon the child-fondling statute where it is made unlawful for one with lascivious intent to fondle the privates of a child under the age of fourteen years, we said:

"We think it clear that the legislature intended by this statute to make punishable the fondling of the sexual part of a child under 14 with a lewd or immoral intent on the part of the accused to indulge in lust or sexual impurity. The fact that the child be a four-year-old girl and therefore incapable of having any sexual instincts which could be developed is immaterial. The intent which is controlling is that of the accused."

The circumstances under which appellant and Gloria met and became associated at Peggy's house and his denial in the second paragraph of his statement that he ever physically harmed either of the girls, although he admitted that at the time in question Peggy was sitting on his lap and Gloria beside him with his arms around both of them and that he may have touched her on the leg or hip, makes proof of his intent at the time admissible in evidence. Therefore, other acts of the appellant which tend to establish his intent are admissible. The act of May 1, as shown in Paragraph 1, became material and was admissible to show the unnatural attitude of the appellant toward the girl and his disposition and intent as to the par-

ticular act here charged and the probability that the charged act occurred as testified by the prosecuting witness. Adams v. State, 95 Tex. Cr. R. 226, 252 S.W. 797, 800; Johns v. State, 155 Tex. Cr. R. 503, 236 S.W. 2d 820; Lozano v. State, 159 Tex. Cr. R. 613, 266 S.W. 2d 147; Williams v. State, 161 Tex. Cr. Rep. 500, 279 S.W. 2d 348; Daniel v. State, 152 Tex. Cr. R. 240, 212 S.W. 2d 636.

Appellant insists that the evidence is insufficient to sustain the conviction because that portion of the indictment charging that he "placed his hand against the sexual part, to-wit: the vulva" is not supported by the evidence.

In considering a similar contention in Pendell v. State, 158 Tex. Cr. R. 119, 253 S.W. 2d 426, we said:

"The indictment alleged that appellant unlawfully and with lascivious intent knowingly and intentionally exposed his private parts, to wit, his genital organs, to Elizabeth Lynch, a female under 16 years of age. Fundamental error is claimed in the court's charge wherein the jury was told that the defendant could be convicted if he exposed his private parts *or* genital organs to the child named. Our attention is directed to cases from other jurisdictions holding that the term 'private parts' meant and included sex organs of reproduction and their immediate vicinity as well. See State v. Nash, 83 N.H. 536, 145 A. 262, and Clark v. People, 224 Ill. 554, 79 N.E. 941. We are not impressed with the nice distinction pointed out by learned counsel for appellant between the terms 'private parts' and 'genital organs' as applied to the offense here charged. Either or both descriptive averments, as used in the statute, Art. 535c, Vernon's Ann. P.C. , refer to and denote the genitals or the external genital procreative organs. Neither the term 'private parts' nor 'genital organs' should here be given the strict technical meaning referred to in the cases cited."

Webster's New International Dictionary defines "vulva" as the external parts of the female genital organs, sometimes, the opening between the projecting parts of the external organs.

We conclude that the prosecutrix' testimony that the appellant raised up her dress, pulled down her panties, and put his hand on her leg and on her privates is sufficient to support that portion of the indictment above quoted.

Appellant's complaint of the court's restriction of his voir dire examination of the jury panel cannot be considered because the purported formal bill of exception in the transcript presenting same is not approved by the trial court.

We find the evidence sufficient to support the verdict of the jury and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.