**Willie John JOLLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–693CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 1984.

William Vance, Bryan, for appellant.

Terrence Keel, Asst. Dist. Atty., Bryan, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a conviction for the offense of aggravated sexual abuse of a child pursuant to TEX.PENAL CODE ANN. § 21.05 (Vernon 1974). A jury found appellant guilty as charged and assessed punishment at seventy-six (76) years in the Texas Department of Corrections and a $10,000 fine. We affirm.

Appellant was convicted of having engaged in deviate sexual intercourse with his seven-year-old stepdaughter, R———— W————. On November 2, 1982, James Easley, brother of the child's mother, received a phone call from his sister, Anita Webb Jolly. Easley described his sister as being hysterical, crying hard, and asking him to come over to get her and her children, as she had just found out her daughter had been sexually abused by her husband, appellant in the instant case.

That same evening appellant voluntarily went to the Bryan Police Department and asked to speak with someone, stating he had done something of which he was ashamed and wanted to talk to about it. Sergeant Pete Willis listened to the appellant's tale of engaging in deviate sexual acts with his stepdaughter, including placing his penis in her mouth. During the course of the conversation, Sergeant Willis gave appellant his *Miranda* warnings. When Sergeant Willis asked appellant to give a written statement, appellant refused and left on his own volition.

A patrolman was later dispatched to the child's home. The officer made reports of his conversations with the child and her mother. These reports were followed by Detective Ernest Montoya's obtaining an arrest warrant for appellant.

During one of the pre-trial conferences conducted by the court, Sue Ann Jackson, a child-placement specialist for the Texas Department of Human Resources, testified she first met with the child in this cause on November 9, 1982, regarding a report Jackson's department had received on November 4, 1982 about the child. Jackson met with the child on several occasions prior to videotaping their September 29, 1983, interview. In that interview R_____ W_____ told of various sexual acts appellant had been performing on her since he had married her mother and begun living with Mrs. Jolly, R_____ W_____, and her brother, J.J. During that interview R_____ W_____ revealed the acts began when she was three or four years old. Her stepfather always "tucked" her in at night. He began putting "his personal place" [his penis] in her mouth. He would lick all over her body, including her breasts. He made her engage in the acts described almost every night (when her mother was not at home or was taking a bath or was outside mowing the grass). The videotape was previewed by the trial court and later admitted as State's Exhibit One. Although the record reflects that R_____ W_____ had been subpoenaed and was present and available to testify at trial, she was not called.

Prior to trial a civil suit for exemplary damages had been brought against the appellant by R_____ W_____ and her mother for the same underlying cause of action.

Appellant urges thirteen grounds of error: one regarding the admission of appellant's confession, two on exclusion of impeachment evidence related to the pending civil suit, one on admission of a statement made by the mother, and nine complaining of the admission of the videotape into evidence.

In his first ground appellant alleges the trial court reversibly erred in overruling his objection to the admission of his oral confession. Appellant contends TEX. CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1982–1983) prevents Officer Willis' testimony of appellant's oral statements to him from being introduced into evidence. We hold Article 38.22 is not applicable here. Appellant argues he was under custodial arrest at the time he made those statements and that they are therefore inadmissible. However, *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) defines custodial interrogation as "questioning *initiated by law enforcement officers* after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (emphasis added).

Appellant's situation is similar to those in *Stone v. State,* 583 S.W.2d 410 (Tex.Crim. App.1979) and *Brooks v. State,* 580 S.W.2d 825 (Tex.Crim.App.1979). In *Stone* the defendant voluntarily went to the police station in his own car after police officers interviewed him twice the day before; after both prior occasions he had been at liberty to leave. He was given his warnings pursuant to TEX.CODE CRIM.PROC. ANN. art. 15.17 and was then administered a polygraph test. Later he was informed he had failed the test and "probably" would be charged. At no time prior to the confession was Stone arrested or told he could not leave as he had been allowed to do previously. He made an oral confession. After more questioning by the police, he was arrested and charged. The court held he was not in custody at the time he made that confession. *Stone, supra* at 413.

In *Brooks v. State, supra,* the defendant had also voluntarily gone to the police and was not under arrest when he gave his statement to a Detective Tucker. Tucker testified defendant was free to go after finishing his statement. The court of criminal appeals held (1) appellant had gone to the police voluntarily, (2) his oral statement was not the result of custodial interroga-

tion, and (3) the oral statement was elicited prior to arrest.

■ In the instant case appellant also voluntarily appeared at the police station; he asked to speak with an officer and orally volunteered information in narrative form about what had occurred. As with the above two defendants, appellant was never placed under arrest and was free to leave at all times. After confessing, he called an attorney, who warned him not to sign any statements. Appellant then left. We conclude that the appellant was not undergoing custodial interrogation at the time he made his oral confession and that said confession was properly admitted. We therefore overrule appellant's first ground of error.

Appellant's second and third grounds contend error in excluding impeachment evidence showing that the victim of the offense and her mother had also filed a civil suit against appellant. Almost ten months before appellant's case went to trial, Mrs. Jolly, individually and as next friend of R_____ W_____, filed a Petition for Divorce alleging the acts of sexual abuse had transpired over a three and one-half year period. The petition included a request for exemplary damages of not less than $100,-000. Appellant wanted to introduce this impeachment evidence through the testimony of Mrs. Jolly's attorney, John Delaney, and by having admitted into evidence a copy of the First Amended Original Petition for Divorce. Appellant's cited cases and his objective in the case at bar are distinguishable. Appellant's cases state that when a witness brings a civil suit growing out of the same incident against a defendant, this fact can be brought to the jury's attention in order to show motive and bias. However, appellant's cases indicate such must be done by cross-examination of the witness who initiated the suit, not by the introduction of the pleading itself or by the testimony of a third party. *Cox v. State*, 523 S.W.2d 695 (Tex.Crim. App.1975); *Hoffman v. State*, 85 Tex.Cr.R. 11, 209 S.W. 747 (1919).

■ If a witness testifies on behalf of the state against an accused, then the fact the witness has brought a civil suit, too, is admissible. *Branford v. State*, 165 Tex. Cr.R. 314, 306 S.W.2d 725 (1957). R_____ W_____'s testimony on the videotape is her direct testimony. Had appellant called her to the stand, he could have cross-examined her as to any possible knowledge of the pending civil suit. Appellant would have been allowed wide latitude in establishing facts tending to demonstrate ill-feeling, bias, motive, or animus. The jury would have been given the opportunity to judge the witness's credibility in light of that witness's feelings toward appellant. Appellant, however, chose not to call R_____ W_____ and therefore waived his opportunity of cross-examination and any possibility of impeaching her credibility. Attorney Delaney testified he had never even met R_____ W_____ so any testimony he might have proferred about her knowledge of the pending civil suit would have been hearsay and inadmissible for impeachment purposes. *Green v. State*, 566 S.W.2d 578 (Tex.Crim.App.1978). We overrule appellant's second ground of error.

■ It is axiomatic that the person to be impeached must be a witness. Here, the mother never testified; therefore, the trial court did not err in excluding Delaney's testimony regarding Mrs. Jolly's possible motives. We overrule appellant's third ground of error.

■ Under Appellant's fourth ground of error he contends the trial court erred in overruling his objection to the admission of hearsay evidence. Appellant claims Easley's testimony of his conversation with his sister, R_____ W_____'s mother, was hearsay, and that there was no res gestae exception proven at trial. The predicate for the admission of res gestae statements is:

(1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement;

(2) absence of time to contrive, misrepresent or fabricate; and

(3) the statement must be related to the circumstances of the occurrence.

*Martinez v. State*, 533 S.W.2d 20, 23 (Tex. Crim.App.1976). We find appellant's argument that the state failed to establish this predicate by not proving when the child's mother first learned about the acts in question unconvincing. Although time is to be taken into consideration, the paramount factor is spontaneity. "[T]he person who made the statement or declaration [must] still [be] dominated at the time by emotions instigated by the happening of the principal act or event." *Fisk v. State*, 432 S.W.2d 912, 915 (Tex.Crim.App.1968). Easley testified that his sister was hysterical, crying hard and blurting out information. Additionally, he stated she had just returned from work and had just found out her daughter had been sexually abused by appellant. We find the above sufficient evidence to establish that appellant's wife was still being dominated by her discovery that her husband had been sexually abusing her daughter. The mother's remarks to Easley are admissible under the res gestae exception to the hearsay rule. We overrule appellant's fourth ground of error.

■ Grounds of error five through thirteen relate to the key piece of evidence in appellant's case, the videotape of the interview between R___ W___ and the child-placement specialist. This court has viewed that tape in its entirety. This is a case of first impression interpreting the recently amended Art. 38.071 of the Texas Code of Criminal Procedure, entitled "Testimony of child who is victim of offense." Appellant's fifth ground of error complains of the admission of the videotape as a denial of his right to confront and cross-examine the child. The admission of such testimony is specifically allowed by the above article so long as the victim is available to testify. It is undisputed that the child was available at trial. Appellant had the opportunity to call her to the witness stand but chose not to do so. Section 2(a)(8), (b) provides that the opposing party may cross-examine the child. The choice not to cross-examine her was his; therefore, he cannot complain on appeal of having failed to do so. Appellant's fifth ground of error is without merit and is overruled.

■ Appellant claims in his sixth ground the trial court erred in overruling his objection to the admission of the videotape without first making a preliminary inquiry into the child's competence. Appellant's reliance upon *Fields v. State*, 500 S.W.2d 500, 502 (Tex.Crim.App.1973), is misplaced. That case holds "[T]he competency of a witness to testify is generally a question for determination by the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion is shown." *Id.* at 502. We find no such abuse of discretion in the instant case. The record reflects the trial court, in a pre-trial conference, previewed the videotape. A trial court can base its ruling of competence on a review of the entire testimony of a witness. *Clark v. State*, 558 S.W.2d 887 (Tex.Crim.App.1977). In *Clark* the court of criminal appeals upheld a defendant's conviction for Indecency with a Child, stating the trial court had not abused its discretion in allowing a six-year-old prosecutrix to testify despite her making inconsistent statements and her having given much of her testimony in response to leading questions. The *Clark* court relied upon TEX.CODE CRIM.PROC.ANN. art. 38.06(2) (Vernon 1979), which allows all persons to testify except

> [c]hildren or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

After an independent viewing of the tape, we find the child was competent to testify, and we overrule the sixth ground of error.

■ Appellant alleges in his seventh and eleventh grounds that the court erred in overruling his objections regarding the reliability of the videotape recording. Appellant claims in his seventh ground the videotape was inadmissible because all voices on the recording were not identified

as required by TEX.CODE CRIM.PROC. ANN. art. 38.071 § 2(a)(5) (Vernon Supp. 1984). Appellant claims in his eleventh ground the recording equipment was not capable of making an accurate recording. *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim.App.1977) established the predicate for the admissibility of a recording in a criminal case as follows:

(1) a showing that the recording device was capable of taking testimony,

(2) a showing that the operator of the device was competent,

(3) establishment of the authenticity and correctness of the recording,

(4) a showing that changes, additions, or deletions have not been made,

(5) a showing of the manner of the preservation of the recording,

(6) identification of the speakers, and

(7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

That court also held that some of the requirements set out above may be inferred from the testimony. The record in the instant case shows:

(1) Jackson had received special instructions on using the equipment prior to employing it;

(2) the tape was a true and accurate representation of the interview;

(3) Jackson has had exclusive control of the tape since it was made;

(4) there had been no changes, additions, or deletions to the tape since Jackson obtained it;

(5) Jackson could identify, both visually and aurally, the only speakers on the tape as being R_____ W_____ and Jackson; and

(6) Jackson neither suggested what R_____ W_____ should say nor had she induced her in any manner to testify on that tape.

Jackson explained that the brief, unintelligible noises heard in the recording were incidental sounds coming from outside the room. A trial court has broad discretionary powers regarding admissibility of re-cordings. We do not find that discretion was abused in appellant's case. *Id.* His seventh and eleventh grounds of error are accordingly overruled.

▋ Appellant alleges in his eighth ground of error the trial court erred by overruling his objection to the videotape because the child's statements were made in response to leading questions. Appellant has preserved nothing for review as he has cited this court to no questions in particular, thus directing this court's attention to the error on which he relies. TEX.CODE CRIM.PROC.ANN. art. 40.09 § 9 (Vernon Supp.1985). However, due to the fact that this case is one of first impression under Art. 38.071, we elect to address this issue. With such a young witness the trial court is permitted flexibility in dealing with the stringent rule prohibiting the asking of leading questions. *Flannery v. State*, 135 Tex.Cr.R. 235, 117 S.W.2d 1111 (1938). *Flannery* involved the competency of a nine-year-old witness in a rape case. The *Flannery* court noted that even though a certain question was admittedly leading, "[T]he rigor of the rule forbidding the asking of such questions bears some flexibility when dealing with a witness of tender years." *Id.* 117 S.W.2d at 1113, 1114. We find the percentage of arguably leading questions in the approximately thirty-minute interview were minuscule. We overrule appellant's eighth ground of error.

▋ ▋ Appellant alleges in his ninth ground that the trial court erred in overruling his objection to the admission of the videotape on the ground that the recording was not made before the proceedings began. Section 2 of Art. 38.071 provides that the recording of an oral statement of the child made "before the proceeding begins" is admissible into evidence if the other requirements of Art. 38.071 are satisfied. Appellant argues that the proceeding against him began on November 8, 1982, when the complaint was filed, and therefore the videotape recording made on September 29, 1983, was not admissible under Art. 38.071. The state argues that the words "before the proceeding begins" as

used in Section 2 of Art. 38.071 mean "before the trial begins;" and trial of the instant case having begun on October 3, 1983, the videotape recording was admissible. We agree with the state's argument and hold that a videotape recording made before the trial begins satisfies the time requirement of Section 2.

The word "proceeding" appears in two other parts of Art. 38.071, and in each instance it is clear that "proceeding" means "trial."

In Section 2(a)(6) one condition to admissibility of the videotape recording is stated as follows: "if ... the person conducting the interview of the child in the recording is present *at the proceeding* and available to testify or be cross-examined by either party;" (emphasis added).

Then Section 5 provides:

If the court orders testimony of a child to be taken under Section 3 or 4 of this article, the child may not be required to testify *in court at the proceeding* for which the testimony was taken. (emphasis added).

Furthermore, it would be illogical to limit admissibility of a videotape recording to cases where the recording was made before the complaint was filed. Such a narrow limitation would thwart the overall purposes of the statute. Appellant's ninth ground of error is overruled.

■■■ In his tenth ground appellant contends the trial court erred in admitting the videotape into evidence because the child was not placed under oath before the recording was made. Nothing in the statute requires that the child be placed under oath. State's Exhibit One shows that R____ W____ was thoroughly questioned by Jackson as to the child's appreciation of the truth and what happens to persons who do not tell it. She promised to tell the truth to Jackson. It is well established that a child may be a competent witness if she knows it is wrong to lie and will be punished if she does so. *Provost v. State,* 514 S.W.2d 269 (Tex.Crim.App.1974). Appellant's tenth ground of error is overruled.

■■■ Appellant complains in his twelfth ground of error the trial court erred in admitting the videotape over his objections. Appellant argues that the entire videotape was hearsay. We disagree. Article 38.071 explicitly authorizes admission into evidence of videotape recordings. If the statutory requirements are satisfied, a hearsay objection has no merit. We overrule appellant's twelfth ground of error.

■■■ In the thirteenth ground of error appellant contends the trial court erred in admitting the videotape into evidence because the indictment did not allege that the offense had been committed against a child 12 years of age or younger. One count of the indictment states that the child was younger than 14 years. In two other counts the child's age is stated as younger than 17 years. These allegations in the indictment were made in order to satisfy the statutory requisites of the crime. See TEX.PENAL CODE, § 21.05, § 21.10 (repealed) 21.11 (Vernon Supp.1985).

Article 38.071 of the code of criminal procedure provides in Section 1 as follows:

This article applies only to a proceeding in the prosecution of an offense ... alleged to have been committed against a child 12 years of age or younger, and applies only to the statements or testimony of that child.

Article 38.071 does not specifically require that the indictment allege that the offense was committed against a child 12 years of age or younger. In the instant case the state filed a pre-trial motion for the court to view and rule on the admissibility of the videotape. In its motion the state alleged that the subject of the videotape was a child 7 years of age. The trial court determined that the child was 7 years of age and there is no contention by appellant that the child was not 7 years old. We hold that the trial court complied with Art. 38.071, Section 1, and overrule appellant's thirteenth ground of error.

The conviction of the trial court is affirmed.